UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

M.J. THIELE ARCHITECT, INC., a Florida
corporation,

      Plaintiff,

vs.                                              Case No.  3:07-cv-1044-J-32MCR

TIDEWAY GOLFVIEW, LLC, etc., et al.,

      Defendant.
_____/

## **ORDER**

      **THIS CAUSE** is before the Court on Plaintiff's Motion to Extend Rule 11 Time Period (Doc. 13) filed December 26, 2007.  On December 5, 2007, Defendants Tideway Golfview, LLC and Tideway Development Group, Inc. served a motion for sanctions under Rule 11 of the Federal rules of Civil Procedure.  (Doc. 8, p. 8).  Rule 11 contains a safe harbor period which provides a party 21 days (or such other period as the court may prescribe) to withdraw or correct a challenged paper, claim, defense, contention, allegation or denial, without fear of sanctions.  Thus, pursuant to Rule 11, Plaintiff had until December 28, 2007, unless the Court prescribed otherwise, to withdraw its Complaint without facing the threat of sanctions; however, Plaintiff filed this motion prior to the expiration of the safe harbor period requesting this Court grant it an extension of the safe harbor period until February 28, 2008.   (Doc. 13).  Additionally, Plaintiff requested this Court permit Plaintiff to engage in discovery for the purpose of

determining whether a document attached to Defendants' motion is authentic.  Id.

Although Plaintiff's counsel has inquired of Defendants' counsel whether Defendants would voluntarily produce materials for inspection by Plaintiff's expert and whether Defendants would agree to an extension of the Rule 11 safe harbor period, Defendants' counsel had failed to respond to Plaintiff's counsel by the time Motion was filed.[1]  To date it is still unclear whether the parties have agreed on these issues, as Defendants' counsel has not filed a response to this Motion and Plaintiff's counsel has not provided the Court with an update as to whether the parties have agreed on these issues.  Nevertheless, because the safe harbor period will have already expired unless extended by this Court and because it is questionable whether a central document in this case is authentic, the Court finds Plaintiff's motion is due to be **granted**.

Accordingly, it is

**ORDERED**:

1.	Plaintiff's Motion to Extend Rule 11 Time Period (Doc. 13) is **GRANTED**.

2.	The safe harbor period contained in Rule 11 of the Federal Rules of Civil Procedure which permits Plaintiff to withdraw its Complaint without threat of sanctions is extended through **February 28, 2008.**

---

[1] The parties should be aware that Local Rule 3.01(g) requires the parties to correspond in good faith in an attempt to resolve an issue before it is brought before the Court.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues."  Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).  In the future, the parties are admonished to put forth a good faith effort to communicate with one another and attempt to resolve disputes which need not be resolved by the Court.

3. The parties shall engage in appropriate discovery concerning the issue of whether the document attached to Defendants' Motion for Rule 11 sanctions is authentic.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of January, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record